**In re CREATIVE RESTAURANT MANAGEMENT, INC. f/k/a Creative Restaurant Management, Inc., Creative Restaurant Operating Company, CRM of Kansas, Inc., Fred P. Ott's, Inc., Fred P. Ott's of Kansas, Inc., Debtors.**

**Bankruptcy Nos. 92–40743 to 92–40747.**

United States Bankruptcy Court, W.D. Missouri.

July 15, 1992.

Paul Hoffman, Smith, Gill, Fisher & Butts, Kansas City, MO, debtors.

Mark Geisler, N.L.R.B., Washington, DC, for creditors.

James Bird, Polsinelli, White, Vardeman & Shalton, P.C., Kansas City, MO, for Haddad Restaurant Group, Inc.

## ORDER

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Upon consideration of the foregoing Joint Unopposed Motion for an Order approving Debtor's participation in the National Labor Relations Board ("Board") Settlement Agreement; vacating the Court's Memorandum Opinion of May 20, 1992; amending the Court's Order of May 9, 1992, Confirming Debtors' Amended and Restated Joint Plan of Reorganization Dated April 10, 1992; and allowing the Amended Claim of the Board as a Section 507(a)(1) priority claim in the amount of $18,000, filed by the Board and Creative Restaurant Management, Inc. ("CRM") by Gary Barnes as Responsible Person ("Responsible Person"),

IT IS HEREBY ORDERED THAT:

1. The Court approves and authorizes the participation of CRM in the Board Settlement Agreement; and

2. The Court's Memorandum Opinion filed May 20, 1992, concerning the impact of the free and clear sale from CRM to Haddad Restaurant Group Inc. ("HRG") upon rights and obligations arising out of the National Labor Relations Act, shall be and is hereby vacated as moot with no precedential value in this or any other proceeding; and

3. The Court's Confirmation Order of May 9, 1992 is amended by adding paragraph 29, which states as follows:

29. The National Labor Relations Board, the Debtors, and Haddad Restaurant Group Inc., having reached a settlement of their various disputes, and good cause appearing therefore, it is hereby ordered that all references in the Court's May 9, 1992 Confirmation Order concerning the impact of the free and clear sale upon rights and obligations arising out of the National Labor Relations Act are hereby deleted. These deletions shall not have any impact upon the other terms and conditions of the Debtors' Confirmed Plan.

4. Upon the withdrawal by the Board of its claim filed May 19, 1992 and the filing of an Amended Claim in the amount of $18,000, the Board's claim is allowed as an administrative expense under Bankruptcy Code Section 507(a)(1) in full and complete satisfaction of all claims of the Board relating to or arising from Board Case Nos. 5–CA–21529 and 5–CA–21785; and

5. Upon satisfaction of the provisions of paragraph 4 of this Order, the Responsible Person shall, and hereby is directed to, pay the Board $18,000 eleven days after a final order is issued granting the joint unopposed motion.